This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRANK CARRIL,**

Plaintiff-Appellant,

v.                                    **NO. 29,612**

**MICHAEL BLACK, d/b/a**
**OASIS LANDSCAPE AND POOLS,**
**OASIS LANDSCAPE AND POOLS, INC.**
**and SAN JUAN PRODUCTS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Filosa & Filosa
Mark A. Filosa
Truth or Consequences, NM

for Appellant

Cervantes Law Firm, P.C.
Joseph Cervantes
Las Cruces, NM

for Appellee Michael Black and Oasis Landscapes and Pools, Inc.

Holt, Babington, Mynatt, P.C.
Blaine T. Mynatt
Las Cruces, NM

for Appellee Oasis Landscape and Pools, Inc.

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Martha G. Brown
Julia Broggi
Albuquerque, NM

for Appellee San Juan Products

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Plaintiff appeals the determination that New Mexico has no jurisdiction over Defendant San Juan Products (San Juan). We proposed to affirm in a calendar notice, and we have received both a memorandum in opposition and a memorandum in support of the proposed disposition in our calendar notice. After due consideration of the parties' arguments, we affirm the district court's decision.

We review legal conclusions de novo, and we uphold factual conclusions unless they are clearly erroneous. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 5, 125 N.M. 691, 964 P.2d 855. As San Juan points out, Plaintiff does not contend that the district court's findings of fact are clearly erroneous. However, Plaintiff continues to challenge the district court's legal conclusions leading

to dismissal for lack of jurisdiction.

In order to establish jurisdiction, Plaintiff was required to show that: (1) San Juan committed an act under our long-arm statute, (2) Plaintiff's cause of action arose out of the act, and (3) San Juan had minimum contacts with New Mexico sufficient to satisfy due process concerns. *Campos*, 1998-NMCA-131, ¶ 7. To satisfy the minimum contacts requirement, San Juan must have committed some act by which it purposefully availed itself of the privilege of conducting activities within New Mexico, such that it could reasonably foresee being sued in our state. *See DeVenzeio v. Rucker, Clarkson & McCashin*, 1996-NMCA-064, ¶¶ 9, 21, 121 N.M. 807, 918 P.2d 723. Submission to our state's jurisdiction occurs for causes of action that arise from the transaction of any business within the state or the commission of a tortious act within the state. NMSA 1978, § 38-1-16(A) (1971). Plaintiff continues to argue that the two or three telephone contacts between San Juan and Plaintiff, the website maintained by San Juan, or the dealer's relationship with San Juan can be relied upon to establish jurisdiction over San Juan.

Plaintiff claims that, during two to three telephone conversations, San Juan's representative "touted, convinced, persuaded, and assured" Plaintiff to conduct business with the New Mexico dealer, thereby satisfying the "transaction of any

business" requirement under our statute. [MIO 2, 5] Telephone communications do not ordinarily constitute the type of purposeful act that meets the test for jurisdiction. *See Sanchez v. Church of Scientology*, 115 N.M. 660, 664, 857 P.2d 771, 775 (1993). In this case, Plaintiff would have to show that communicating by telephone was an act by which San Juan had purposefully availed itself of the privilege of conducting business in our state to the extent that San Juan would foresee being included in a lawsuit here. *See id.* (stating that a purposeful activity would not include random or attenuated contacts, and the use of a telephone does not qualify as the type of purposeful activity that would invoke jurisdiction). We are unpersuaded that two or three telephone conversations between Plaintiff and San Juan's representative, involving general discussions of a product manufactured in Arizona, would lead to a determination that San Juan had purposefully availed itself of the privilege of conducting business in New Mexico or would allow San Juan to foresee being sued in New Mexico.

Plaintiff claims that the tort of misrepresentation occurred when, during one telephone conversation, San Juan's representative claimed that he had never had problems with the dealer, even though Plaintiff's counsel states that the representative was personally aware of a prior case involving the dealer and San Juan. [MIO 2, 5]

As *DeVenzeio* discusses, when a tortious act is alleged in an attempt to invoke jurisdiction over a party, we equate the alleged tortious act with minimum contacts when determining whether due process has been satisfied. 1996-NMCA-064, ¶ 10. As discussed above, a comment during a random telephone call would not satisfy the purposeful activity requirement under a minimum contacts analysis. We hold that the two or three telephone conversations relied upon by Plaintiff do not satisfy our requirements for personal jurisdiction under either a "transaction of any business" or "commission of a tortious act" analysis.

Plaintiff continues to argue that San Juan's website was not a passive website and, therefore, subjects San Juan to jurisdiction in New Mexico. According to Plaintiff, the website offers such services as links to dealers, press releases indicating support for dealers, and solicitation of new dealers, and is designed in a way to "lull" consumers into believing that San Juan stands behind its dealers. As discussed in our calendar notice, websites on one end of the spectrum are involved in active solicitation of business, allowing visitors to enter into contracts and knowingly and repeatedly transmit information via the computer, and websites on the other end of the spectrum passively provide information to interested visitors. *See Sublett v. Wallin*, 2004-NMCA-089, ¶ 27, 136 N.M. 102, 94 P.3d 845. San Juan's website does not allow

visitors to contract with the manufacturer and does not allow visitors to purchase products from the manufacturer. [RP 316] The website merely provides information about San Juan's products and includes a feature that assists visitors in finding a dealer for the products. The district court was correct in determining that the website was a passive website and not a basis for jurisdiction.

Plaintiff also claims that the dealer-manufacturer relationship in this case allows New Mexico courts to exercise jurisdiction over San Juan. As explained in *Campos*, Plaintiff must allege that his claims arose out of the agreement between San Juan and the dealer. 1998-NMCA-131, ¶ 16 (observing that, "unless a plaintiff can factually demonstrate a relationship between a franchisor and a franchise that connects the franchisor to the tortious act, whether that fact be an agency or otherwise, the [long-arm] statute is not satisfied"). Plaintiff has not made such an allegation. Moreover, San Juan's website includes a disclaimer stating that all dealers for its products are independent contractors and not agents of San Juan. [RP 317]

As discussed in this opinion and in our calendar notice, Plaintiff has not met his burden of establishing that his claims against San Juan arose from San Juan's activities in connection with New Mexico and thus has failed to establish personal jurisdiction over San Juan. We affirm the district court's decision to dismiss the

claims against San Juan for lack of personal jurisdiction.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**CELIA FOY CASTILLO, Judge**